Tappen, J.*
The plaintiff brings this action to recover possession of land in the city of Brooklyn. His title depends upon the validity of certain proceedings which are claimed to be valid, and to have beetii *100 effectual for the 'purpose of alienating the title of certain infant owners of the fee. They are the children and heirs of one Anthony Steinworth.
The lot in question is a portion of four lots which belonged to them in 1847. In that year, the city of *101 Brooklyn instituted proceedings to open Be Kalb-avenue, and to close Be Kalb-street. Commissioners of estimate were appointed, and the usual proceedings had.
On September 30, 1849, upon petition of the mayor and common council, the county court appointed A. H. Sidell guardian ad litem, in that proceeding, of the four Steinworth children, who were all infants under the age of fourteen years.
The opening of Be Kalb-avenue took a portion of these lots, and left a strip of land bordering upon the avenue, which, under the act of April 30, 1833, the owners were entitled to relinquish to the city of Brooklyn, and to have compensation therefor awarded by the commissioners. The consent to relinquish was to be in writing. Thereupon, an application was made on the petition of John H. Hess, reciting that he was the general guardian of said infants, and on the petition of A. H. Sidell, as their guardian ad litem, asking for “an *102 order giving the petitioners, or one of them, power to abandon the said strip of land, known on the map as No. 144, believing that the best interests of the infants will be thereby promotedand an order was made by the county court, dated November 24, 1847, “ that the prayer of the petitioners be granted, and that they, or either of them, are hereby authorized to give a consent in writing to the said commissioners, on behalf of said infants, for the abandonment of the piece of land, in such form as may be necessary.”
An instrument was read in evidence, bearing date October 4, and acknowledged November 23, 1847, executed by parties who are described as Margaret Stein-worth, widow of Anthony Steinworth, and John H. Hess, as general guardian of the infant children of said Anthony Steinworth. The execution was certified by A. H. Sidell, as commissioner of deeds.
This paper purports to be a consent in writing to the abandonment of the land to the city, and to release and quit-claim the same. The children are not named in the instrument.
By the report of the commissioners, dated November 14, 1847, the sum of four hundred and twenty dollars was awarded to the heirs of Anthony Steinworth, for the land taken for the opening of De Kalb-avenue, and seventy-five dollars for the land not taken, but stated to have been abandoned by the owner. The awards were"payable to John H. Hess, mortgagee. Hess held a mortgage upon the property, and received the money.
It is not proven that Hess was general guardian for the children, except by the recital in the petition, order, and other papers in evidence.
This strip of land, lot No. 144, bordered upon De Kalb-street or Cripplebush-road. This street was closed by resolution of the common council, May, 1851. One James Humphrey owned land on the opposite side of the road, and upon its being closed he claimed, as adjacent owner, to be entitled to a convey *103 ance of the strip of land in question; and the same was conveyed to him by the city of Brooklyn, by deed dated July 23,1851, for the expressed consideration of seventy-five dollars, being the amount paid by the city therefor, under the award. The plaintiff claims under this title.
The defendant is tenant of the land under the Steinworths, and the action is defended in their behalf.
The proceedings taken did not alienate their title.
The jurisdiction of the court to alienate their title by a sale, is derived wholly from the statute (Baker v. Lorillard, 4 N. Y. [4 Comst.], 275), and neither the infants or their guardians appointed for that purpose can convey lands except pursuant to the order of the court (Hyatt v. Seeley, 11 N. Y. [1 Kern. ], 52).
A consent by the infants, or on their behalf, is not authorized by statute. A release or quit-claim by a general guardian acting under the authority of the order of the county court is of no effect, and if such person be not general or special guardian there is even no consent.
The consent to relinquish or abandon the land for a specified sum was not in the nature of a sale to the city, but the statute which authorizes a court to direct the sale, mortgage or lease of infants’ lands was in no respect complied with.
It follows that without a lawful consent, the title taken by the city of Brooklyn was invalid, • and that the grantees by conveyance from the city have no adequate title to the lands (Embury v. Conner, 3 N. Y. [3 Comst.], 511).
It appears that the Steinworths have been in continued possession of the property notwithstanding the proceedings in their names, and that neither the plaintiff nor any of'his grantors has been at any time in possession of the disputed property.
The plaintiff’s counsel claims that the city acquired a valid title, because the act under which proceedings Were had, declares (section 3), that upon confirmation *104 of the report, and payment or tender of the amount at which the residue is estimated, the same shall vest in the city in fee simple.
This would undoubtedly be so if the persons by whose act or consent the city took the lot, had capacity or authority to give the . consent; but I am of opinion, founded upon the statute, that such capacity or authority did not exist.
The Revised Statutes (1 Rev. Stat., 729, §10, p. 126, vol. 2 of the Fourth Edition), provide that every person capable of holding lands except idiots, persons of unsound mind and infants, may alien the estate, &c. Article 7, ch. 1, part 3 (2 Rev. Stat., 194, 2 Edm., p. 359), entitled “ of proceedings in relation to the conveyance of lands by infants, and the sale and disposition of their estates,” provides the manner in which such sale or disposition may be made ; and the authorities heretofore .quoted determine that these proceedings must be followed to alienate an infant’s estate.
And as these proceedings were not taken in any respect, the case at bar does not present a question of irregularity in the proceedings, but of the total want of valid proceedings.
The judgment should be reversed, and new trial ordered, costs to abide event.
Order accordingly.

 Present, Barnard, P. J., and Tappen, J.